# In the United States District Court
# for the Western District of Pennsylvania

Lorie Downs,

    *Plaintiff*

v.      C.A. No. 07-1129

Michael J. Astrue,
Commissioner of Social Security,

    *Defendant*

## **MEMORANDUM OPINION**

Exhausting the administrative process available within the Social Security system, the Plaintiff, Lorie Downs ("Plaintiff"), brings before this Court an appeal from a final decision by the Defendant, Commissioner of Social Security. The Defendant denied Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433. The parties have submitted cross motions for summary judgment. For the reasons stated below, the Court will grant Defendant's Motion for Summary Judgment (Doc. # 12) and deny Plaintiff's Motion for Summary Judgment (Doc. # 10).

## I. GENERAL BACKGROUND.

This matter has been before this Court two times before. Accordingly, the procedural background of this case is well known both to the parties and the Court and need not be repeated.

## II. STANDARD OF REVIEW.

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir.2000). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.1995)). Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual

inquiry differently. Fargnoli, 247 F.3d at 38; 42 U.S.C. § 405(g).

"Under the Social Security Act, a disability is established where the claimant demonstrates that there is some 'medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period.'" Fargnoli, 247 F.3d at 38-39 (quoting Plummer, 186 F.3d at 427 (other citation omitted)); *see also* 20 C.F.R. § 404.1505(a). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....'" Fargnoli, 247 F.3d at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Commissioner has provided the ALJ with a five-step sequential evaluation process to be used when making this disability determination. See 20 C.F.R. § 404.1520. The United States Court of Appeals sets forth the five-step procedure as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § [404.] 1520(a). . . . In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). . . . In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir.1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *See* 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. *See*, [sic] Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir.1984).

Fargnoli, 247 F.3d at 39, quoting, Plummer, 186 F.3d at 428.

2

## III. LEGAL ANALYSIS.

By Decision dated December 5, 2005, the ALJ denied Plaintiff's claim for benefits, finding that Plaintiff was not disabled under the Social Security Act. After careful consideration of the medical evidence contained in the Record in this case,[1] as well as the briefs of the parties, the Court finds that substantial evidence exists in the record to support the Commissioner's decision that Plaintiff is not disabled under the Social Security Act, including, but not limited to, the three (3) MRIs of Plaintiff's spine taken between 1998 and 2004. The Findings from a November 1998 MRI of Plaintiff's spine were: "[t]he vertebral bodies maintain their normal height and signal intensify. There is a normal lordotic curve. No disc herniation is identified at any interspace. On sagital images, there is a suggestion of a minimal bulge at L4-5. On the axial images, a posterior convex disc margin is identified. Similarly, there may be a minimal bulge at L5-S1. These findings are suggested on the proton density sagittal images." R. 706. The Impression from the November 1998 MRI was "[n]o evidence of disc herniation. A minimal bulge at L4-5 and L5-S1 is suggested on sagittal proton density images." R. 706. The Findings from a November 2003 MRI of Plaintiff's lumbosacral spine were "[t]here is no vertebral compression or malalignment. There is mild to moderate disc degeneration at L3-4, L4-5 and L5-S1. There is no disc space narrowing. There is

---

[1] In finding that the ALJ's decision was supported by substantial evidence, we have not considered a June 11, 2007 Statement of Claimant's Ability to Perform Work Related Physical Activities completed by treating physician Dr. Uberti, that was submitted to the Appeals Council, because this report was not provided to the ALJ prior to his rendering his Decision. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) (explaining "[w]e have previously held that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence"). Moreover, while in her Reply Brief, Plaintiff contends that if we remanded this matter again, this Statement of Claimant's Ability to Perform Work Related Physical Activities could be considered by the ALJ, see Reply Brief, pp. 3-4, "the [Social Security] Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ. Here assuming *arguendo* that the evidence was new and material, Plaintiff has not provided any explanation, let alone established good cause, for why such a statement was not provided to the ALJ prior to his determination.

3

normal signal intensity in the T12-L1, L1-2 and L2-3 discs. There are mild posterior hypertrophic spondylotic changes. There is no significant spinal stenosis or neuroforaminal encroachment. There is no focal disc protrusion." R. 707. The Impression from the March 2003 MRI was "[d]isc degeneration from L3-4 to L5-S1. Mild hypertrophic spondylotic changes. Otherwise, unremarkable MRI of lumbosacral spine." R. 707. The Findings from a November 2004 MRI of Plaintiff's lumbosacral spine were "[t]here is no vertebral compression or malalignment. The bone marrow signal intensity is normal. There is mild to moderate disc degeneration from L3-4 to L5-S1. There is no disc space narrowing. There is no focal disc protrusion. There is no significant spinal stenosis or neuroforaminal encroachment." R. 705. The Impression from the November 2004 MRI was "[m]ild to moderate disc degeneration. Otherwise, unremarkable MRI of the lumbosacral spine." R. 705.

As so well stated by the ALJ in his Decision:

> mild to moderate pain is not incompatible with the performance of sustained work activity at appropriate levels of exertion. The fact that the claimant might experience pain and discomfort on the job does not compel a finding of disability. There must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment, which could reasonably be expected to produce the pain or other symptoms, alleged (20 CFR § 416.28). As summarized herein, the objective medical evidence does not support the claimant's testimony of totally disabling impairments, the need to lay down up to four times a day for at least an hour, or Dr. Uberti's assessment that sitting is limited to four hours a day. Thus, the undersigned finds accepts the assessment of Dr. Liedke [that Plaintiff can perform sedentary work with lifting of 10 pounds occasionally and 5 pounds frequently, that she can stand and walk for 1 to 2 hours, that she has no limitations in sitting, and that she may never climb, crouch, crawl or balance, but may occasionally kneel and stoop] as reasonably accommodating the claimant's subjective allegations consistent with the objective findings and the overall record.

R. 81.

Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted. An appropriate order follows.

April 8, 2008

Maurice B. Cohill, Jr.
Senior Judge

4